IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY JUCHA d/b/a ATMOSPHERE TATTOO GALLERY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. ) |
| VILLAGE OF BLOOMINGDALE, ILLINOIS, a municipal corporation, | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT AT LAW AND EQUITY

COMES NOW Plaintiff, JEFFREY JUCHA d/b/a ATMOSPHERE TATTOO GALLERY, by and through LAW FIRM OF DAVID G. SIGALE, P.C., his attorney, and complaining about the Defendant, VILLAGE OF BLOOMINGDALE, ILLINOIS, a municipal corporation, states and alleges as follows:

### PRELIMINARY STATEMENT

1.   Jeffrey Jucha d/b/a Atmosphere Tattoo Gallery (hereinafter "Jucha") brings his claims against the Village of Bloomingdale, Illinois, a municipal corporation (hereinafter "Village") seeking declaratory and equitable relief, as well as recovery of his lost profits, damages, and other relief under, *inter alia*, 42 U.S.C. § 1983, 42 U.S.C. § 1988, *et seq.*, the First and Fourteenth Amendments to the United States Constitution, and the Illinois Constitution, as the result of the improper and unconstitutional denial of a business license to open and operate a body art establishment, from where Jucha would perform tattooing and body

piercing as an exercise of the freedoms of speech and expression. As a result, Jucha has suffered violations of his constitutional rights, as well as monetary damages.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202, 42 U.S.C. § 1983, and pendant jurisdiction under 28 U.S.C. § 1367 to hear claims for Defendant's violations of Sections 2 and 4 of Article 1 of the Illinois Constitution of 1970.

3. Venue lies in this Court pursuant to 28 U.S.C. § 1391, as the acts complained of occurred in this District.

## PARTIES

4. Jucha is the sole proprietor of Atmosphere Tattoo Gallery, which sought and was denied permission to operate in the Village of Bloomingdale, Ill. Jucha is also a Member/Manager of Atmosphere Tattoo Gallery East, LLC d/b/a Atmosphere Tattoo Gallery in Franklin Park, Illinois, and a Member/Manager of Atmosphere Tattoo Gallery, LLC d/b/a Atmosphere Tattoo Gallery in Schaumburg, Illinois. He was also a Member/Manager of Atmosphere Tattoo Gallery North, LLC d/b/a 4 Anchors Tattoo Gallery in North Chicago, Illinois, until he recently sold the business.

5. Jucha wishes to operate the Atmosphere Tattoo Gallery in the Village from which it will disseminate expressive body art in the form of the tattoos and body piercings it sells and applies to its customers, which contains matters of

speech and expression which are protected by the First Amendment to the United States Constitution.

6. Village is a municipal entity organized under the Constitution and laws of the State of Illinois.

## STATEMENT OF FACTS

7. Jucha wishes to open the Atmosphere Tattoo Gallery body art studio at 398 Army Trail Road, Bloomingdale, IL 60108. It has obtained a commitment from the owner of that property to issue a lease to those premises to Jucha if he is able to operate his business there. However, unless Jucha obtains a license from the Village to operate a Tattoo Studio, or alternatively, an injunction from this Court allowing it to operate such a Tattoo Studio at that location, the landlord will have no alternative but to lease the premises to another tenant. The landlord has informed Jucha that it cannot hold those premises open for it indefinitely.

8. Jucha's business, Atmosphere Tattoo Gallery, will engage in providing the above specified materials which incorporate the expressive communication of messages protected by the First Amendment to the United States Constitution.

9. The Village's Zoning Ordinance does not allow body art establishments, either as a permissive or special use, so there is no way Jucha could open and operate a body art establishment within the Village.

10. Jucha contacted the Village in September, 2021, regarding an application for a business license and/or a special use permit, but was informed by the Director of Community and Economic Development, Sean Gascoigne, that Jucha

could not apply for either because "the [V]illage does not permit tattooing." This has denied Jucha the ability to open and operate Atmosphere Tattoo Gallery within the Village's municipal limits.

11. But for the Village's prohibitions, Jucha would open and operate a body art studio for the exercise of First Amendment protected speech and expression. Jucha fears that should he operate Atmosphere Tattoo Gallery notwithstanding the refusal of the Village to issue a business license, he will be subjected to criminal or civil prosecution by Village.

12. There was no public hearing held pursuant to Jucha's inquiries where there was there any substantial competent evidence of local data, or any data, evidence, or testimony whatsoever, sufficiently introduced by the Village to indicate that the operation of a body art establishment will have any negative impact arising from its use.

13. No substantial and competent evidence has been submitted to the Village Council to substantiate the refusal to allow Jucha to open and operate Atmosphere Tattoo Gallery within the Village's municipal limits.

14. Jucha and his customers have a clear legal right to the use and operation of his business and the presentation of the above-described materials without interference by the Village, its agents, servants or employees. Such lawful use may be denied only after Plaintiff has been afforded due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution and

4

Jucha has been denied due process of law by the *de facto* prior restraint on Jucha's and his customers' First Amendment protected form of expression.

16. Jucha will be prevented from operating his business and participating in the First Amendment speech and expression at the subject business location, thus causing Jucha the deprivation of constitutional rights, severe financial hardship, as well as other forms of irreparable harm. Unless Jucha is able to demonstrate that it has a right to operate its business at the location it has selected, it will lose its opportunity to do so at that location. Further, should Jucha commence operations without obtaining a license from the Village, he will be threatened with prosecution for doing so without the license required by the Village.

16. Jucha and his customers have no adequate remedy at law. No amount of money damages could adequately compensate Jucha for the irreparable harm described herein, specifically the deprivation of constitutionally protected rights.

17. The public interest would best be served by the granting of injunctive relief, and, indeed, the public interest is violated by permitting the enforcement of an invalid ordinance which interferes with and restrains Jucha's and his customers' First Amendment freedoms.

18. The acts, practices and jurisdiction of the Village as set forth herein, were and are being performed under color of state law and therefore constitute state action within the meaning of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

19. As a direct and proximate result of the acts, practices, and customs of the Village, Jucha is suffering actual, consequential, and other damages, in addition to the irreparable harm described herein.

## CONSTITUTIONAL PROVISIONS

20. The First Amendment provides:

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; **or abridging the freedom of speech**, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. Const. amend. I (emphasis added).

21. Section 1 of the Fourteenth Amendment provides, in relevant part:

No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; **nor shall any state deprive any person of life, liberty, or property, without due process of law**; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV (emphasis added).

## COUNT I – VIOLATION OF RIGHT TO FREEDOMS OF SPEECH AND EXPRESSION
## (U.S. CONST. AMENDS. I AND XIV; 42 U.S.C. § 1983)

22. Jucha incorporates and realleges Paragraphs 1 through 21, above, as if fully restated herein.

23. The Village's blanket refusal to allow Jucha to open his body art establishment, on its face and as applied, violates the Plaintiff's individual right to freedoms of speech and expression, as well as his would-be customers' rights to free

speech and expression, as secured by the First Amendment to the United States Constitution.

### COUNT II – VIOLATION OF ILLINOIS CONSTITUTION (ARTICLE I, §§ 2, 4)

24. Plaintiff realleges and incorporates herein paragraphs 1 through 23 as if fully restated herein.

25. Village's arbitrary refusal to allow Jucha to open and operate Atmosphere Tattoo Gallery, a body art establishment, violates the rights guaranteed Jucha, and his customers, by the Illinois Constitution, on its face and as applied, as an unlawful exercise of the Village's police power, in that there is no substantial relationship to the protection of the public health and welfare or any other compelling governmental interest, which would justify denying Jucha or his customers' his procedural due process or their free speech rights to operate a body art establishment within the Village's municipal limits, which rights they enjoy under the Illinois Constitution.

### FOR ALL COUNTS

26. Jucha incorporates and realleges Paragraphs 1 through 25, above, as if fully repeated herein.

27. A controversy exists as to whether the Village's denial of Jucha's request for a business license for a body art establishment is unconstitutional.

28. A declaration from this Court would settle this issue.

29. A declaration would also serve a useful purpose in clarifying the legal issues in dispute.

30. Jucha seeks a declaration that (A.) the Village's ban on body art establishments is unconstitutional, and (B.) the Village's denial of Jucha's request for a business license for a body art establishment is unconstitutional.

31. In the absence of an injunction, the denial of Jucha's request for a business license to open and operate a body art establishment will continue to be enforced and would prevent Jucha from opening and operating said body art establishment.

32. Jucha will continue to suffer irreparable injury if the Court does not issue an injunction.

33. There is no adequate remedy at law because only a declaration and injunction, as opposed to monetary damages, would allow Jucha to open and operate a body art establishment within the Village's municipal limits.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, JEFF JUCHA d/b/a ATMOSPHERE TATTOO GALLERY, respectfully requests this Honorable Court to grant Plaintiff the following relief:

A. Declare the Village's refusal to allow Jucha to operate his lawful business within the Village's municipal limits to be violative of the aforementioned federal constitutional and statutory provisions.

B. Issue a Temporary Restraining Order (A.) preventing Village from enforcing its Zoning Ordinance banning body art establishments against Plaintiff and/or (B.) preventing Village from arbitrarily denying Jucha's request for a Special Use Permit to open and operate a body art establishment, and after hearing, preliminarily and permanently enjoin Village from applying and enforcing the challenged provisions of the challenged legislation, in whole or in part, against Jucha.

C. Award Jucha any and all attorney's fees under 42 U.S.C § 1988, and costs as authorized by law;

D. Award any and all damages proximately caused by the actions of the Village as described herein, including but not limited to lost income;

E. Grant Jucha any and all further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY PURSUANT TO F.R. CIV. P. 38(b).**

Dated: January 19, 2022                                    Respectfully submitted,

                                                                                           /s/ David G. Sigale
                                                                                           Attorney for Plaintiff

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
630.452.4547
dsigale@sigalelaw.com