# Exhibit 3

11-3-4: SPECIAL USES:

A. Purpose: The development and execution of this title is based upon the division of the village into districts, within which districts the use of land and buildings and the bulk and location of buildings and structures in relation to the land are substantially uniform. It is recognized, however, that there are certain uses which, because of their unique characteristics, cannot be properly classified in any particular district or districts without consideration, in each case, of the impact of those uses upon neighboring land and of the public need for the particular use at the particular location. Such special uses fall into two (2) categories:

   1. Uses publicly operated or traditionally affected with a public interest.

   2. Uses entirely private in character, but of such an unusual nature that their operation may give rise to unique problems with respect to their impact upon neighboring property or public facilities.

B. Initiation: Any person having a freehold interest in land, or a possessory interest entitled to exclusive possession, or a contractual interest which may become a freehold interest, or an exclusive possessory interest, and which is specifically enforceable, may file an application to use such land for one or more of the special uses provided in this title in the zoning district in which the land is located. (Ord. 69-12, 4-23-1969)

C. Processing Application:

   1. Filing; Required Information: An application for a special use shall be filed with the village clerk on a form prescribed by the president and board of trustees. The application shall be accompanied by such plans or data, or both, as specified by the planning and zoning commission, and shall include a statement in writing by the applicant and adequate evidence showing that the proposed special use will conform to the standards set forth herein for special uses. Copies of such application shall be forwarded by the board of trustees to the planning and zoning commission with the request to hold a public hearing. (Ord. 69-12, 4-23-1969; amd. Ord. 2014-48, 10-27-2014)

   2. Notices: The applicant shall give notices of the public hearing as follows: (Ord. 69-12, 4-23-1969)

      a. Persons Required To Be Notified: To the persons to whom the current real estate tax bills are sent, if any, as shown on the record of the local real estate tax assessor, of all lots lying within two hundred fifty feet (250') of a property line of the lot for which the application has been filed. (Ord. 96-40, 9-9-1996)

      b. Contents: All notices shall be in writing and shall give the time, place, and purpose of such hearing and shall be mailed not more than thirty (30) days nor less than fifteen (15) days in advance of such hearing. The notice shall be sent by certified mail, properly addressed as shown on the tax assessor's rolls and with sufficient postage affixed thereon, with return receipt requested. The applicant shall file a sworn affidavit with copies of the notices with the village clerk, showing the names and addresses of all notices the applicant has sent. Said affidavit shall be conclusive presumption of giving of said notices.

      c. Publication: The village clerk shall cause a notice of time, place, and purpose of such hearing to be published in a newspaper of general circulation within the village not more than thirty (30) days nor less than fifteen (15) days in advance of such hearing.

  d. Posting: The applicant shall post and maintain for a period of not less than ten (10) days prior to the hearing the notice thereof as furnished by the village clerk. The said notice, showing the time, place and purpose of said hearing, shall be posted on the property for which the special use is sought as follows:

   (1) On an unimproved lot: Not more than fifteen feet (15') from the front lot line and not less than four feet (4') above and not more than six feet (6') above the ground and placed in such a manner as to be unobscured from the street.

   (2) On an improved lot: On the front entrance door of the improvement thereon, or placed in a similar manner as for an unimproved lot. (Ord. 69-12, 4-23-1969)

  e. Additional Notices: Supplemental or additional notices may be distributed, published or posted as the planning and zoning commission may, by rule, prescribe from time to time.

 D. Hearing: Upon receipt, in proper form, of the application and statement referred to above, the planning and zoning commission shall hold at least one public hearing on the proposed special use. However, the planning and zoning commission may continue the hearing from time to time without further notices being published.

 E. Planning And Zoning Commission Recommendation: No special use permit shall be recommended by the planning and zoning commission unless there is a concurring vote of a majority of all members present with a minimum of four (4) concurring votes required, based on findings of fact that: (Ord. 69-12, 4-23-1969; amd. Ord. 2014-48, 10-27-2014)

  1. The establishment, maintenance, or operation of the special use will not be detrimental to or endanger the public health, safety, morals, comfort, or general welfare.

  2. The special use will not be injurious to the use and enjoyment of other property in the immediate vicinity for the purposes already permitted, nor substantially diminish and impair property values within the neighborhood.

  3. The establishment of the special use will not impede the normal and orderly development and improvement of the surrounding property for uses permitted in the district.

  4. Adequate utilities, access roads, drainage, or necessary facilities have been or will be provided.

  5. Adequate measures have been or will be taken to provide ingress and egress so designed as to minimize traffic congestion in the public streets. (Ord. 69-12, 4-23-1969)

  6. The special use shall, in all other respects, conform to the applicable regulations of the district in which it is located, except as such regulations, in each instance, be modified by the president and board of trustees pursuant to the recommendations of the planning and zoning commission.

  7. The planning and zoning commission may recommend that there be, in part of the area of a planned development and for the duration of such development, specified uses not permitted by the use regulations of the district in which said development is located; provided, that the planning and zoning commission shall find that: (Ord. 69-12, 4-23-1969; amd. Ord. 2014-48, 10-27-2014)

   a. The uses permitted by such exceptions are necessary or desirable and are appropriate with respect to the primary purpose of the development;

    b. The uses permitted by such exception are not of such a nature or so located as to exercise a detrimental influence on the surrounding neighborhood;

    c. Not more than twenty percent (20%) of the ground area or of the gross floor area of such development shall be devoted to the uses permitted by said exception;

    d. In an industrial planned development, such additional uses allowed by exception shall conform with the performance standards of the district in which the development is located as set forth in section 11-9-7 of this title; and

    e. That the use exceptions so allowed are reflected by the appropriate zoning district symbols and so recorded on the zoning district map. (Ord. 69-12, 4-23-1969)

    8. The planning and zoning commission may recommend that there be in a planned development exceptions to the bulk regulations set forth in the district regulations applicable to the district in which the planned development is located; provided, that the planning and zoning commission shall find: (Ord. 69-12, 4-23-1969; amd. Ord. 2014-48, 10-27-2014)

    a. That such exception shall be solely for the purpose of promoting a unified site plan no less beneficial to the residents or occupants of such development as well as the neighboring property than would be obtained by the bulk regulations of this title for buildings developed on separate lots;

    b. That the overall floor area ratio, when applicable, would not exceed, by more than fifteen percent (15%), the floor area ratio regulation of this title for the district in which it is located; (Ord. 69-12, 4-23-1969)

    c. That in the part of the planned development containing only residential uses, the minimum lot area per dwelling unit may be less than required by district regulations applicable to the district in which the planned development is located, provided there is contained within the planned development permanent open areas having sufficient area to maintain at least the required lot area per dwelling for the district where it is located, when related to the total area within the planned development, exclusive of areas in rights of way of thoroughfares, streets and alleys. Such open areas shall be perpetuated by properly recorded covenants extending over the life of the planned development as common area for use only by the residents of the planned development or dedicated to the village for park, playground or other open public uses; and (Ord. 69-12, 4-23-1969; amd. 2012 Code)

    d. That in part of a planned development devoted to residential uses, the planning and zoning commission may recommend and the president and board of trustees may approve access to: a dwelling by a driveway or pedestrian walk easement; off street parking facilities for such dwelling when located not more than one hundred eighty feet (180') from the dwelling served; and spacing between buildings of lesser widths or depths than required by district regulations for the district in which the planned development is located; provided: (Ord. 69-12, 4-23-1969; amd. Ord. 2014-48, 10-27-2014)

    (1) That protective covenants are recorded which perpetuate, during the period of the special use, access easements and off street parking spaces for use by the residents of the dwellings served;

    (2) The spacing between buildings shall be consistent with the application of recognized site planning principles for securing a unified development and due consideration is given to the openness normally afforded by intervening streets and alleys.

Spacing between principal buildings within a part of a planned development where subsequent transfer of ownership is contemplated shall be equivalent to such spacing as would be required between buildings by district regulations for the district in which it is located; and

   (3) The yards along the periphery of the development shall be not less in width or depth than required for permitted uses in the district regulations applicable to the district in which the planned development is located.

 F. President And Board Of Trustees Decision:

   1. Prior to the granting of any special use, the president and board of trustees shall stipulate conditions and restrictions upon the establishment, location, construction, maintenance, and operation of the special use as deemed necessary for the protection of the public interest and to secure compliance with the standards and requirements specified in this chapter. In all cases in which special uses are granted, the president and board of trustees shall require such evidence and guarantees as it may deem necessary as proof that the conditions stipulated in connection therewith are being and will be complied with. (Ord. 69-12, 4-23-1969)

   2. The president and board of trustees may grant or deny any application for a special use permit after receiving the recommendations of the planning and zoning commission, including the stipulations of additional conditions and guarantees, when they are deemed necessary for the protection of the public interest. (Ord. 69-12, 4-23-1969; amd. Ord. 2014-48, 10-27-2014)

   3. No application for a special use which has been denied wholly or in part by the president and board of trustees shall be resubmitted for a period of six (6) months from the date of said order of denial. (Ord. 69-12, 4-23-1969)

   4. In any case, where a special use permit has been granted and a building permit has not been obtained within eighteen (18) months after the date of granting thereof, then, without further action by the planning and zoning commission and the president and board of trustees, the special use permit approval shall automatically be terminated and canceled and null and void. In the event that an occupancy certificate is not issued within five (5) years after the special use permit has been granted, the special use permit shall automatically terminate. (Ord. 69-12, 4-23-1969; amd. Ord. 2014-48, 10-27-2014)

11-3-5: AMENDMENTS:

 A. Initiation Of Amendment: Amendments to this title may be proposed by the president and board of trustees, the planning and zoning commission, any property owner or any interested person or organization.

 B. Application For Amendment: An application for an amendment shall be filed with the village clerk on a form prescribed by the president and board of trustees. The application shall be accompanied by such plans or data, or both, as specified by the planning and zoning commission, and shall include a statement in writing by the applicant and adequate evidence showing that the proposed amendment will conform to the standards set forth herein for amendments. Copies of such application shall be forwarded by the board of trustees to the planning and zoning commission with the request to hold a public hearing. (Ord. 77-62, 12-28-1977; amd. Ord. 2014-48, 10-27-2014)

C. Notices: The applicant shall give notices of the public hearing as follows: (Ord. 69-12, 4-23-1969)

1. Persons Required To Be Notified: To the persons to whom the current real estate tax bills are sent, if any, as shown on the record of the local real estate tax assessor, of all lots lying within two hundred fifty feet (250') of a property line of the lot for which the application has been filed. (Ord. 96-40, 9-9-1996)

2. Contents: All notices shall be in writing and shall give the time, place and purpose of such hearing and shall be mailed not more than thirty (30) days nor less than fifteen (15) days in advance of such hearing. The notice shall be sent by certified mail, properly addressed as shown on the tax assessor's rolls and with sufficient postage affixed thereon, with return receipt requested. The applicant shall file a sworn affidavit with copies of the notices with the village clerk, showing the names and addresses of all notices the applicant has sent. Said affidavit shall be conclusive presumption of giving of said notices.

3. Publication: The village clerk shall cause a notice of time, place, and purpose of such hearing to be published in a newspaper of general circulation within the village not more than thirty (30) days nor less than fifteen (15) days in advance of such hearing.

4. Posting: The applicant shall post and maintain, for a period of not less than ten (10) days prior to the hearing, the notice thereof as furnished by the village clerk. The said notice, showing the time, place and purpose of said hearing, shall be posted on the property for which the amendment is sought as follows: (Ord. 69-12, 4-23-1969)

   a. On an unimproved lot: Not more than fifteen feet (15') from the front lot line and not less than four feet (4') above and not more than six feet (6') above the ground and placed in such a manner as to be unobscured from the street. (Ord. 69-12, 4-23-1969; amd. 2012 Code)

   b. On an improved lot: On the front entrance door of the improvement thereon, or placed in a similar manner as for an unimproved lot. (Ord. 69-12, 4-23-1969)

5. Additional Notices: Supplemental or additional notices may be distributed, published or posted as the planning and zoning commission may, by rule, prescribe from time to time.

D. Hearing: Upon receipt, in proper form, of the application and statement referred to above, the planning and zoning commission shall hold at least one public hearing on the proposed amendment. However, the planning and zoning commission may continue the hearing from time to time without further notices being published. (Ord. 69-12, 4-23-1969; amd. Ord. 2014-48, 10-27-2014)

E. Findings Of Fact And Recommendations Of Planning And Zoning Commission:

1. A basic function of the planning and zoning commission is to advise the president and board of trustees concerning matters relating to this title. It is imperative that land development and growth of the village be carried on according to an organized and well planned scheme, calculated and specifically designed to further the best interests of the village. Such interests shall be as manifested from time to time by the president and board of trustees. (Ord. 77-62, 12-28-1977; amd. Ord. 2014-48, 10-27-2014)

2. Within forty five (45) days after the close of the hearing on a proposed amendment, the planning and zoning commission shall make written findings of fact and shall submit same, together with its recommendations, to the president and board of trustees. Where the purpose and effect of the proposed amendment is to change the zoning classification of

particular property, the planning and zoning commission shall make findings based upon the evidence presented to it in each specific case with respect to the following matters: (Ord. 69-12, 4-23-1969; amd. Ord. 2014-48, 10-27-2014)

    a. Existing uses of property within the general area of the property in question;

    b. The zoning classification of property within the general area of the property in question;

    c. The suitability of the property in question to the uses permitted under the existing zoning classification; and

    d. The trend of development, if any, in the general area of the property in question, including changes, if any, which have taken place since the day the property in question was placed in its present zoning classification. (Ord. 69-12, 4-23-1969)

  F. Planning And Zoning Commission Recommendations:

    1. The planning and zoning commission shall not recommend the adoption of a proposed amendment until after it finds that the adoption of such amendment is in the public interest and not solely for the interest of the applicant. The planning and zoning commission may recommend the adoption of an amendment changing the zoning classification of the property in question to any other zoning classification. (Ord. 69-12, 4-23-1969; amd. Ord. 2014-48, 10-27-2014)

    2. A concurring vote of a majority of those members present at the meeting, with a minimum of four (4) concurring votes, shall be required to recommend granting or denying an application for an amendment.

    3. Report to the village board shall contain the number present and names of those voting for or against the motion. (Ord. 69-12, 4-23-1969)

  G. President And Board Of Trustees Decision:

    1. The president and board of trustees, upon receiving the recommendations of the planning and zoning commission, may grant or deny any proposed amendment in accordance with applicable Illinois statutes, or may refer it back to the planning and zoning commission for further consideration. (Ord. 69-12, 4-23-1969; amd. Ord. 2014-48, 10-27-2014)

    2. If an application for a proposed amendment is not acted upon finally by the president and board of trustees within six (6) months of the date upon which such application is received by the president and board of trustees, it shall be deemed to have been denied. (Ord. 69-12, 4-23-1969)