# Exhibit 5

# THE VILLAGE OF BLOOMINGDALE
DUPAGE COUNTY, ILLINOIS

## ORDINANCE
### NUMBER 2017-12

AN ORDINANCE GRANTING
EXCEPTIONS TO THE VILLAGE OF BLOOMINGDALE
ZONING CODE AND AMENDING ORDINANCE NO. 89-07
FOR THE PROPERTY COMMONLY REFERRED TO AS
400 WEST ARMY TRAIL ROAD, BLOOMINGDALE, ILLINOIS
PETITONER, SOLA SALON

Franco A. Coladipietro, Mayor

Jane E. Michelotti, Village Clerk

Vince Ackerman
William Belmonte
Bill Bolen
Frank Bucaro
Michael D. Hovde
Judi Von Huben

Village Board

Published in pamphlet form by authority of the
President and the Board of Trustees of the Village of Bloomingdale
on this the 27th day of March, 2017

ORDINANCE 2017- 12

AN ORDINANCE GRANTING
EXCEPTIONS TO THE VILLAGE OF BLOOMINGDALE
ZONING CODE AND AMENDING ORDINANCE NO. 89-07
FOR THE PROPERTY COMMONLY REFERRED TO AS
400 WEST ARMY TRAIL ROAD, BLOOMINGDALE, ILLINOIS
PETITONER, SOLA SALON

WHEREAS, the Village of Bloomingdale, DuPage County, Illinois (the "Village") is a home rule unit of local government under Article VII, Section 6 of the 1970 Illinois Constitution and, except as limited by such Section, it may exercise any power and perform any function pertaining to its government and affairs;

WHEREAS, the Village is authorized by the Illinois Municipal Code, *65 ILCS 5/11-13-5*, to vary its zoning regulations where there are practical difficulties or particular hardship in observing those regulations for the use, construction or alteration of buildings or structures or the use of land;

WHEREAS, Petitioners have requested an amendment to the original ordinance and certain exceptions to the Village of Bloomingdale Zoning Code for the property commonly referred to as 400 West Army Trail Road, Bloomingdale, Illinois (hereinafter referred to as the "Subject Property");

WHEREAS, the Petitioner seeks certain relief from a 19189 Ordinance 89-07 which providing for Planned Development, regulating the allowable uses and related parking restrictions in the Bloomingdale Square Shopping Center (hereinafter referred to as the "Shopping Center") and as provided in said ordinance and as fully set forth in the Planning and Zoning Commission's Findings of Fact, which is attached hereto a made a part hereof as "Exhibit A";

2

WHEREAS, the previously adopted ordinance prohibits service orientated businesses from occupying space within the Shopping Center, Petitioner desires to operate a service orientated business and seeks to amend Ordinance 89-07 to allow for this and only this specific operator to occupy space within said Shopping Center;

WHEREAS, the Village Planning and Zoning Commission (hereinafter referred to as the "Commission") conducted a public hearing identified as PC Case No. 2017-102 to consider the Petitioners' request and to hear testimony on the proposal, and as a result of said hearing the Commission has issued a recommendation approving the Petitioner's request as it pertains to this matter, all pursuant to proper notice and in compliance with the laws of the State of Illinois and Ordinances of the Village;

WHEREAS, the Commission found the request to be reasonable in that the requested zoning relief is appropriate under the standards adopted by the Village's Zoning Regulations applicable to the Petitioner's Application;

WHEREAS, the Commission made positive findings of fact dated March 7, 2017 in support of said Application; and

WHEREAS, the Commission recommended approval of the Petitioners' request by the Board of Trustees of the Village; and

WHEREAS, the Board of Trustees hereby finds that the granting of the requested approvals will have no detrimental impact on the health, safety or welfare of the public in general and further finds that the Petitioners have demonstrated practical difficulties or particular hardships in the application of the Zoning Regulations of the Village Code.

3

**NOW, THEREFORE, BE IT ORDAINED**, in open meeting assembled by the Village President and Board of Trustees of the Village of Bloomingdale, DuPage County, Illinois pursuant to its home rule powers as follows:

**Section One - Recitals**

The Board of Trustees hereby find that all of the recitals hereinbefore stated as contained in the preamble to this Ordinance are full, true and correct and do hereby, by reference, incorporate and make them part of this Ordinance as legislative findings.

**Section Two - Adoption of Findings and Recommendations**

The Board of Trustees hereby adopts the Findings and Recommendations of the Commission as if fully set forth herein, as Exhibit "A", which is attached hereto and made a part hereof.

**Section Three - Description of Property**

The property subject to the requested relief is fully described in Exhibit A, which is attached hereto and made a part hereof.

**Section Four – Grant of Exceptions to Zoning Code**

The corporate authorities of the Village of Bloomingdale hereby grant certain exceptions, a variance from the requirements of the Village of Bloomingdale Zoning Code as requested by the Petitioner as fully described in Exhibit A which adopted herein by reference.

**Section Five – Conditions to Exceptions**

Approval of the Application granted by this Ordinance is further subject to the following conditions and the Petitioner's compliance therewith:

4

a. The approval of the exceptions to the Village Zoning Code are conditioned on the Petitioners' construction of the structure in accordance with the plans, specifications and testimony presented to the Planning and Zoning Commission.

b. The approval of the exceptions to the Village Zoning Code are subject to all applicable permit, license, codes and ordinances of the Village of Bloomingdale.

c. The site plan and engineering plans shall comply with the Assistant Village Engineer's Report.

d. The Petitioner shall respond to and comply with any concerns or comments addressed in the Fire Protection District's Report, dated January 27, 2017.

e. The Petitioner shall install and maintain at least two (2) exterior video cameras at the rear entrance of the tenant space, said cameras shall be arranged in a manner sufficient to provide complete video surveillance of the rear parking lot and rear entrance to the tenant space. The video system shall be designed in manner to record the entire area described above, video recordings shall be made available to the Bloomingdale Police Department immediately upon request.

**Section Six - Compliance and Conformity with Plans and Specifications**

The relief and approvals granted pursuant to Section Four of this Ordinance shall be further contingent upon the substantial conformance with the plans, specifications and documents, which were submitted to the Commission and to the Board of Trustees, and which, are incorporated into and made a part of this Ordinance by reference, and shall govern except where they are inconsistent with the specific terms of this Ordinance.

5

**Section Seven – Amendment to Ordinance 89-07**

Ordinance 89-07 Section Three is hereby amended to allow for the following:

a. Business District and a Planned Development to permit the operation of a service use, specifically, Sola Salon, which would be otherwise prohibited by Ordinance No. 89-07 adopted for the retail shopping center (Bloomingdale Square Shopping Center).

b. An exception to allow 432 parking spaces in lieu of the 533 required by the current Village of Bloomingdale Zoning Code.

**Section Eight - Conditions to Zoning Relief and Conflict Clause**

The Subject Property is subject to all terms and conditions of applicable ordinances and regulations of the Village, including, without limitation, zoning ordinances, building codes, subdivision regulations and regulations concerning the construction and design of antennas and satellite stations; provided, however, the specific terms and conditions of this Ordinance shall prevail against other existing ordinances of the Village to the extent that there may be any conflict. The grant of this special use is limited to the specific business operation described herein.

**Section Nine - Penalty**

Any person violating the terms and conditions of this Ordinance shall, following prior notice thereof by the Village to such offending person and such opportunity to correct such violation(s) as the Village may determine appropriate, be subject to a penalty not exceeding $1,000.00, with each and every day that such violation of this Ordinance is allowed to remain in effect being deemed a complete and separate offense. In addition, the appropriate authorities of the Village may take such other actions they deem proper to enforce the terms and conditions of

6

this Ordinance, including, without limitation, an action in equity to compel compliance with its terms. Any person violating the terms of this Ordinance shall be subject, in addition to the foregoing penalties, to the payment of court costs and reasonable attorneys' fees of the Village.

**Section Ten - Effective Date**

This Ordinance shall be in full force and effect from and after its passage, approval and publication as provided by law; provided, however, this Ordinance shall not take effect until the Consent (a copy of which is attached hereto and made a part hereof as Exhibit B) is executed by the Petitioner and by the owner, thereby memorializing its agreement to be bound by the terms and conditions contained within this Ordinance. Such execution shall take place within forty-five (45) days after the passage and approval of this Ordinance or within such extension of time as may be granted by the Board of Trustees by motion prior to the expiration of said forty-five day (45) period. If the Consent is not executed within forty-five (45) days after passage and approval of this Ordinance or within an extension of time granted during said forty-five (45) day period, this Ordinance shall be void and of no force or effect, and the request for relief identified herein shall be deemed abandoned.

**Section Eleven - Recording**

This Ordinance shall be entered into the minutes and upon the journals of the Board of Trustees.

/ / /

/ / /

/ / /

/ / /

/ / /

7

**DECIDED** pursuant to a roll call vote as follows:

|  | YES | NO | ABSENT | PRESENT |
|---|---|---|---|---|
| Vince Ackerman |  |  | X |  |
| William Belmonte |  |  | X |  |
| Bill Bolen | X |  |  | X |
| Frank Bucaro | X |  |  | X |
| Michael D. Hovde | X |  |  | X |
| Judi Von Huben | X |  |  | X |
| Franco A. Coladipietro (only if necessary) |  |  | X |  |
| TOTAL | 4 | 0 | 3 | 4 |

**PASSED AND APPROVED** by the Village of Bloomingdale Board of Trustees on the 27th day of March, 2017.

Franco A. Coladipietro, Village President

ATTEST:

Jane E. Michelotti, Village Clerk

8

Exhibit A

Findings of Fact



**Village of Bloomingdale**
Planning and Zoning Commission
201 S. Bloomingdale Road
Bloomingdale, IL 60108
Tel: 630-671-5694
Fax: 630-893-1596

## MEMORANDUM

**To:** President Coladipietro & Board of Trustees

**From:** Len Jaster, Vice Chairman
Bloomingdale Planning and Zoning Commission

**Date:** March 7, 2017

**Subject:** Planning and Zoning Commission's Findings of Fact and Recommendations
Sola Salon ("Petitioner")
Amendment to Ordinance No. 89-07, with Parking Exceptions
400 W. Army Trail Road
PC Case No. 2017-102

### I. PROJECT SUMMARY AND REQUESTED RELIEF

The Petitioner, Newcastle Properties is the owner of the Bloomingdale Square Shopping Center, which includes 400 W. Army Trail Road. Ordinance No. 89-07 approved the rezoning of the property from B-1 to B-3, General Business District, as well as a Planned Development for the shopping center. When the shopping center was approved in 1989, specific provisions were written into the ordinance related to both the permitted uses within the center, as well as the associated parking requirements that the property would be subject to. In terms of the proposed use, the ordinance established that only restaurant (without drive-throughs) and retail would be permitted in the center. As it related to the uses, the parking requirements were much more specific. To that extent, Ordinance 89-07 states that:

> "There shall be a total of not less than 432 parking spaces provided for the center. Required parking is based upon petitioner's proposal that 85 percent of the center (64,026 square feet, including the outbuilding) shall be developed for retail and that 15 percent of the center (11,299 square feet) shall be developed as restaurant(s). Approximately one-fourth of the total number of stalls shall be located at the rear of the center for employee and customer overflow parking. Parking stalls shall be 9' x 18', in accordance with the provisions of the draft Off-Street Parking Ordinance. Nine stalls, 16' x 18', shall be constructed for handicapped parking (see Petitioner's Exhibit 11). Ramps shall be provided at several locations along the front of the center to provide barrier-free access, and along the center's front façade where changes in grade shall occur."

The owner of Bloomingdale Square is proposing to lease 6,000 square feet of existing tenant space to Sola Salon, a salon which offers individual suites to independent hairstylists and manicurists/pedicurists. Unlike a typical salon business, that has one business owner and several beauticians and or manicurist/pedicurists, each suite in Sola Salon would be leased and operated by different businesses and owners, with their own unique clientele. Because salons are considered a

*Planning and Zoning Commission Finding of Fact and Recommendation, PC Case No. 2017-102*  2
*Sola Salon – 400 W. Army Trail Road*

"service" use by the Village's zoning code, it does not fall within the limitations of the approving ordinance, which requires that the uses be restricted to restaurant and retail. Therefore an amendment to the approving ordinance is required to allow the use.

## II. PLANNING AND ZONING COMMISSION DELIBERATION AND FINDINGS:

Please refer to the staff report dated February 28, 2017 for a full discussion of the issues addressed at the public hearing. The Planning and Zoning Commission ("Commission") also considered the presentation from staff and testimony of the Petitioner. Following is a summary of issues reviewed by the Commission and their findings for each:

A. Parking
With the exception of restaurants (13 spots per 1,000 square feet), salons demand one of the highest parking requirements in the zoning code. The current requirement is the equivalent of 3 parking spaces per salon chair, which assumes one for the stylist, one for the customer in the chair and a third for a patron waiting. In the case of Sola Salon, they intend to have 32 suites, which would equate to a requirement of 96 parking spaces. The shopping center's parking requirements would break down as follows:

Existing restaurant uses – 145 spaces
Existing retail spaces – 232 spaces
Sola Salon – 96 parking spaces
Remaining vacant tenant space (11,912 square feet) – 60 spaces (assumes all retail as required by Ordinance 89-07)
**Total Parking Spaces Required – 533**

The 533 spaces required takes in to consideration, all existing, proposed and future uses.

B. Lighting
- The Petitioner stated that they would encourage clients to park in the rear (south) parking lot, which will serve a primary entrance for the business. While the Commission was generally satisfied by this, the Petitioner also stated that 95% of their clientele are female, which raised safety concerns and questions regarding lighting levels in the rear parking lot. The Commission questioned the existing lighting levels and while the Petitioner indicated that they should be sufficient, the Commission required that they perform a lighting study for both the front and rear entrance, to confirm that the rear parking lighting levels, meet the minimum requirements for the code and were at least as bright as those in the front. The Commission was comfortable with this study and confirmation being completed during the permit process and the Petitioner indicated that they would work with the Engineering Department to satisfy the requirements.

C. Hours of Operation
- The Commission expressed concerns regarding the business model and how hours of operation would be controlled, since there was no receptionist desk and each salon owner would control their own hours with little to no restriction. The owner of the salon indicated that he or an associate would be on call 24/7, but regardless, he felt that some of the statements made by the broker regarding the business model and hours of operation, were slightly misstated. He indicated that the beauticians renting these locations would have flexible

Case: 1:22-cv-00332 Document #: 26-5 Filed: 07/15/22 Page 13 of 18 PageID #:265

*Planning and Zoning Commission Finding of Fact and Recommendation, PC Case No. 2017-102*  3
*Sola Salon – 400 W. Army Trail Road*

hours, mainly because they are looking for the benefits of owning their own business, but may have full-time family obligations, other employment or similar obligations that would restrict them from having a consistent schedule. For this reason, he indicated that while the schedules of each salon may vary, the concerns regarding hours of operation were minimal from his perspective.

D. Signage
- The Petitioner indicated that they would require signage, but confirmed that any proposed signage would comply with the Villages standards.

## III. RECOMMENDATIONS OF THE PLANNING AND ZONING COMMISSION – No. 2017-102:

Moved by Commissioner King, seconded by Commissioner Shannon to recommend in favor of the following zoning permission or relief in connection with a Petition to operate a salon, on the property commonly known as 400 Army Trail Road. ("Subject Property"):

1. Amendment of Ordinance No. 89-07, which granted rezoning of the subject property from B-1 to B-3, General Service Business District and a Planned Development to permit the construction and operation of a retail shopping center (Bloomingdale Square Shopping Center) to allow for a service use (Sola Salon).

2. An exception to allow 432 parking spaces in lieu of the 533 required.

The Petitioner shall agree to the following requirements or provide the following additional information in compliance with the Planning and Zoning Commission recommendation:

1. Comply with the Fire Protection District Memorandum dated January 27, 2017.

2. Any approval to allow the operation of a salon at Bloomingdale Square Shopping Center, shall be limited to the specific business operation requested as part of this application.

3. With the exception of this use, any existing or future vacancies within Bloomingdale Square Shopping Center, shall be either retail or restaurant, pursuant to the requirements set forth in Ordinance No. 89-07.

4. Regardless of classification requirements as set forth in Ordinance 89-07, the leasing or sale of any existing or future tenant spaces, may not create a parking demand greater than the 533 spaces required pursuant to this request. Any uses or conflicts with this requirement, shall obligate the applicant to reappear before the Planning and Zoning Commission for additional consideration.

5. Given the Petitioner's desire to promote the use of the rear parking lot, they shall confirm that the rear parking lot meets all current lighting requirements to provide safe lighting levels for the clients during the evening. Should deficiencies exist, the applicant shall be required to install additional lighting, to be approved by the Engineering Department, to meet the minimum lighting standards required by the Village.

6. The rear parking area shall be restriped based on current parking standards.

*Planning and Zoning Commission Finding of Fact and Recommendation, PC Case No. 2017-102*     4
*Sola Salon – 400 W. Army Trail Road*

**The Roll Call Vote for #2017-102:**

**Ayes:** Commissioners King, Coleman, Shannon, Flood, Smith and Vice Chairman Jaster
**Nays:** None
**Absent:** Chairman Brice
**Motion Declared Carried**
**Other Considerations:** None
**Minority Report:** No

Respectfully submitted,

Len Jaster, Vice Chairman
Planning and Zoning Commission
March 7, 2017

## IV. Findings of Fact and Recommendations – No. 2017-102 – Statutory Requirements

**Current Zoning of Subject Property:**
B-3/PD General Business District

**Adjacent Zoning and Land Uses:**

| | |
|---|---|
| North: | Stratford Planned Development |
| South: | Unincorporated |
| East: | Stratford Planned Development |
| West: | Stratford Planned Development |

**Comprehensive Plan** - The updated 2010 Comprehensive Land Use Plan classifies the site as being appropriate for commercial and institutional uses.

## IV. Procedural Requirements:

**Date of Meeting:** March 7, 2017      **Petition No.:** PC No. 2017-102

**Supporting Data:** See list of exhibits and staff reports, **Attachments "A"**

<u>Yes</u>    Statement of compliance and evidence demonstrating that the proposal will conform to the standards established with the amendments.

**Affidavits:**

| <u>Yes</u> | Publication | <u>Yes</u> | Compliance |
|---|---|---|---|
| <u>Yes</u> | Disclosure | <u>Yes</u> | Posting |

**Notice:**

| | |
|---|---|
| N/A | Fire Protection District |
| Yes | Notice sent to the persons to whom the current real estate tax bills are sent, if any, as shown on the record of the local real estate tax assessor for all lots lying within 250 feet of the property lines of the lot for which amendment is sought (Copy of list attached). |
| Yes | Publication of a notice of the time, place and purpose of the public hearing on the proposed amendment by the Village Clerk in a newspaper of general circulation within the Village of Bloomingdale not more than 30 days nor less than 15 days in advance of such hearing (Copy of notice attached). Date of Publication: **February 16, 2017** |
| Yes | Posting by the applicant, for a period of not less than 10 days prior to the public hearing, of the Notice as furnished by the Village Clerk. |

The notice shall be posted on the property for which the amendment is sought as follows:
　　*Unimproved Lot:* Not more than 15 feet from the front lot line and not less than four feet above and not more than six feet above the ground and placed in a manner so as not be obscured from the street
　　*Improved Lot:* On the front entrance door of the improvement thereon, or placed in a similar manner as for an unimproved lot

**Written Protest:**
| | |
|---|---|
| No | Written protest received which is signed and acknowledged by the owners of 20% of the frontage proposed to be altered |
| No | Written protest received which is signed and acknowledged by the owners of 20% of the frontage directly opposite the frontage proposed to be altered |
| No | Written protest received which is signed and acknowledged by the owners of 20% of the frontage immediately adjoining or across the alley from the frontage proposed to be altered |
| No | Copy of the written protest served by the protestor(s) on the applicant for the proposed amendment |
| No | Copy of the written protest served by the protestor(s) on the attorney for the applicant for the proposed amendment. |

**Public Testimony at the Hearing** – One member of the public testified at the meeting.

Mr. Thomas Lawler, 323 Wentworth, responded to the Commission's concerns regarding clients being able to locate the parking at the rear of the property, as well as how easy it was to navigate the route to exit the property after they were done. He indicated that he had used the drive aisle around the building and it was marked appropriately and easy to navigate. The Commission thanked him for the comment.

**Hearing/Meeting:**
| | |
|---|---|
| Yes | Public hearing/meeting on the proposed Amendments to the Ordinance, including exceptions. |

*Planning and Zoning Commission Finding of Fact and Recommendation, PC Case No. 2017-102*     6
*Sola Salon – 400 W. Army Trail Road*

            Date(s) of hearing/meeting or continuation thereof: **March 7, 2017**
            Date Hearing/Meeting Closed: **March 7, 2017**

<u>Yes</u>    A concurring vote of a majority of Planning and Zoning Commission members present (with a minimum of four concurring votes) recommending granting or denying an application for the proposed amendment was had at the meeting held on the following date: **March 7, 2017**

<u>Yes</u>    Report to the Village Board containing the number of Planning and Zoning Commission members present and the names of those voting for or against the motion.

<u>Yes</u>    Written findings of fact and recommendations submitted to the Village President and Board of Trustees by the Planning and Zoning Commission within 45 days after the close of the hearing on the proposed amendment.

### Attachment "A" - List of Petitioner's Exhibits and Submittals for #2017-102:

| No. | Item | Prepared By | Date |
|---|---|---|---|
| 1 | Project Summary | Torch Architecture | 1/20/2017 |
| 2 | Project Narrative | Newcastle Properties | 1/20/2017 |
| 3 | Site Plan | Torch Architecture | 1/20/2017 |
| 4 | Aerial Plan | Torch Architecture | 1/20/2017 |
| 5 | Tenant Operations | Sola Salon | 1/13/2017 |
| 6 | Tenant Marketing Material | Sola Salon | 6/17/2015 |
| 7 | Tenant Sample Floor Plan | Sola Salon | 8/13/2014 |
| 8 | Tenant Parking Analysis | Sola Salon | 1/20/2017 |
| 9 | Legal Description | Newcastle Properties | 1/20/2017 |

### Attachments "B"

Staff report from the Community and Economic Development Coordinator dated February 28, 2017
Letter from Bloomingdale Fire Protection District dated January 27, 2017
Legal Description and Property Information

*Planning and Zoning Commission Finding of Fact and Recommendation, PC Case No. 2017-102*     7
*Sola Salon – 400 W. Army Trail Road*

## Legal Description and Property Information

PARCEL 1: LOT 1 IN STARK'S SECOND ASSESSMENT PLAT OF PART OF THE SOUTH 1/2 OF THE NORTHEAST 1/4 OF SECTION 20, TOWNSHIP 40 NORTH, RANGE 10, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED SEPTEMBER 22, 1955 AS DOCUMENT 774285, EXCEPTING THEREFROM THAT PART TAKEN UNDER DOCUMENT NO. R79-27720, ALL IN DUPAGE COUNTY, ILLINOIS

PARCEL 2: THE WESTERLY 462.29 FEET (AS MEASURED ALONG THE CENTER LINE OF ARMY TRAIL ROAD AND PARALLEL WITH THE WEST LINE OF STARK'S SECOND ASSESSMENT PLAT) OF THAT PART OF THE EAST 1/2 OF SECTION 20, TOWNSHIP 40 NORTH, RANGE 10, EAST OF THE THIRD PRINCIPAL MERIDIAN, LYING SOUTH OF THE SOUTHERLY LINE OF ARMY TRAIL ROAD AS DEDICATED BY DOCUMENT R79-28379, NORTH OF THE NORTHERLY LINE OF THE ILLINOIS CENTRAL RAILROAD AND EAST OF THE WEST LINE AND THE WEST LINE EXTENDED SOUTH OF STARK'S SECOND ASSESSMENT PLAT RECORDED AS DOCUMENT 774285, (EXCEPT THAT PART THEREOF FALLING WITHIN LOT 1 OF SAID ASSESSMENT PLAT) IN DUPAGE COUNTY, ILLINOIS

MORE COMMONLY KNOWN AS:

         400 W. ARMY TRAIL ROAD
         BLOOMINGDALE, DU PAGE COUNTY, ILLINOIS

         PIN: 02-02-400-012, 02-20-202-007, 02-20-202-008 AND
         02-20-202-009

Exhibit B

Consent

The undersigned, Dave Brahmbhatt, as the Petitioner for and on behalf of Sola Salon, and Sean Devine, as representative for and on behalf of Newcastle Properties, the owner of the Subject Property, described in the foregoing Ordinance 2017-12 ("Ordinance"), having read a copy of the Ordinance, do hereby accept, concur, and agree to develop, use and maintain the Subject Property in accordance with the terms and conditions stated in the Ordinance, to the extent that the Owner has use and control over the Subject Property as of the date of the approval of the Ordinance. This consent shall be binding upon all parties in interest and all successors and assigns to the Subject Property.

DATED this 3rd day of May, 2017.

Sean Devine – Newcastle Properties

By: _____

Its: __Asset Manager__
On behalf of Bloomingdale Square L.P.

SUBSCRIBED AND SWORN to before me this 3rd day of May, 2017.

_Nora Saucedo_
Notary Public

(SEAL)

OFFICIAL SEAL
NORA SAUCEDO
NOTARY PUBLIC - STATE OF ILLINOIS
My Commission Expires 1/28/21

Dave Brahmbhatt – Sola Salon

By: _____

Its: __PRESIDENT__

SUBSCRIBED AND SWORN to before me this 3rd day of May, 2017.

_Nora Saucedo_
Notary Public

(SEAL)

OFFICIAL SEAL
NORA SAUCEDO
NOTARY PUBLIC - STATE OF ILLINOIS
My Commission Expires 1/28/21